KOKANCOAL COMPANY, INC., Appellant, v. ERWIN J. KASTEN and Another, Doing Business as the LEHIGH COMPANY, Defendants; ARTHUR A. SCHERZER, Respondent.— Order denying plaintiff's motion for leave to reargue a motion and for an amendment of a prior order granting a stay affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Davis and Taylor, JJ., concur; Adel, J., not voting.

ROSARIA LICATO and EMELIO LICATO, Respondents, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Order setting aside the verdict of a jury in favor of defendant unanimously affirmed, with costs. Although there was a verdict for defendant, it clearly appears defendant offered no proof in contradiction of the claims of plaintiffs. The testimony in support of plaintiffs' case seemed to be truthful and convincing. There was nothing suspicious or unusual about the accident and the attendant circumstances. There was ample warrant for the order. Present — Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ.

MARY MALONEY, as Administratrix, etc., of EDWARD R. MALONEY, Deceased, Respondent, v. HEARST HOTELS CORPORATION, Appellant.— Judgment for plaintiff in an action to recover damages for the wrongful death of her intestate, who was killed in an explosion which occurred while he was engaged in his duties as a fireman, unanimously affirmed, with costs. No opinion. Appeal from order dismissed. The order is not printed. Present — Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ.

FRANK MANGANO, Plaintiff, v. SUNBRIGHT STEAM LAUNDRY CO., INC., Appellant, and AMERICAN EMPLOYERS' INSURANCE COMPANY OF BOSTON, MASS., Respondent. — Plaintiff brought an action against defendant laundry company, of which he was an officer and director, to recover damages for personal injuries sustained when riding in a motor vehicle owned by the laundry company. The insurance company, which had issued a blanket liability insurance policy in favor of the laundry company's employees, was called upon to defend. It prepared an answer denying the allegations of negligence, but the officers of the laundry company refused to sign it on the ground that its driver was negligent and that, therefore, the allegations of negligence should be admitted. The insurance company thereupon refused to defend. The laundry company defaulted in its defense and judgment for $15,124.70 was entered against it. That judgment has not been paid. The issues created by the cross-complaint of the laundry company against the insurance company were brought to trial. The insurance company's defense was that the laundry company failed to co-operate under the terms of the policy. The jury found in favor of the insurance company and the laundry company appeals. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ.